IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Johnson,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, Director of the Arizona Department of Corrections; and the Attorney General of the State of Arizona,<br><br>    Respondents. | No. CV-18-02246-PHX-DGC (DMF)<br><br>**ORDER** |

Petitioner Christopher Johnson filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Magistrate Judge Deborah Fine issued a report recommending that the petition be denied as untimely ("R&R"). Doc. 12. The Court will accept the R&R and deny the petition.

**I.    Background.**

On November 18, 2013, Petitioner pled guilty to sexual abuse, sexual conduct with a minor, and attempted sexual conduct with a minor. Doc. 9-1 at 25-37. He was sentenced to 15.5 years in prison followed by lifetime probation on December 17, 2013. Doc. 9-2 at 2-8.

Petitioner filed a post-conviction relief ("PCR") notice on June 10, 2017. Doc. 9-2 at 14-16. The trial court dismissed the notice as untimely because it was not filed within 90 days of the sentencing. *Id.* at 18-19 (citing Ariz. R. Crim. P. 32.4(a)). Petitioner filed

a PCR petition on August 21, 2017, which was dismissed as untimely and successive. *Id.* at 23-29.

On May 31, 2018, Petitioner filed a petition for review with the court of appeals. *Id.* at 31-34. The petition was denied as untimely because it was not filed within 30 days of the trial court's final decision. Doc. 9-3 at 2-3 (citing Ariz. R. Crim. P. 32.9(c)(1)(a)).

Petitioner filed the present habeas petition in July 2018. Doc. 1. The petition asserts a single claim of ineffective assistance of counsel. *Id.* at 6-7. Petitioner does not seek to overturn his convictions, but instead requests a reduced sentence. *Id.* at 11. Judge Fine recommends that the petition be denied as untimely. Doc. 12 at 7-12.

**II.  Legal Standard.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III.  Discussion.**

**A.  Statute of Limitations.**

Petitions for writs of habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq. The AEDPA imposes a one-year deadline for filing an initial habeas petition. § 2244(d)(1). The limitation period generally begins to run when the state conviction becomes final upon the expiration or conclusion of direct review. § 2244(d)(1)(A). Arizona's Rule 32 of-right proceeding, available to criminal defendants who plead guilty, is considered a form of direct review for purposes of determining whether the statute of limitations has run. *See Summers v. Schriro*, 481 F.3d 710, 716-17 (9th Cir. 2007). Defendants convicted in Arizona state court for non-

capital crimes have 90 days after the entry of judgment and sentence to file a PCR notice. *See* Ariz. R. Crim. P. 32.4(a)(2)(C).[1]

Statutory tolling of the AEDPA's one-year limitation period is available for the time during which a properly filed PCR notice or petition is pending. § 2244(d)(2). For equitable tolling to apply, the petitioner must show that he "has diligently pursued his rights," and "some 'extraordinary circumstance' prevented him from filing on time." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). In addition, an equitable exception to the limitation period applies if the petitioner makes "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

### B. Judge Fine's R&R.

Judge Fine found that the AEDPA's one-year limitation period began to run on March 25, 2014, after expiration of the time for Petitioner to file a PCR notice. Doc. 12 at 7. Judge Fine further found that Petitioner's habeas petition is time barred because it was filed more than three years late, he is not entitled to statutory tolling because his PRC notice and petition were not properly filed, he is not entitled to equitable tolling because he has shown no extraordinary circumstances, and he has presented no evidence of actual innocence. *Id.* at 8-11. Judge Fine recommends that the petition be denied with prejudice, and that no certificate of appealability should issue. *Id.* at 12.

### C. Petitioner's Objection.

#### 1. Equitable Tolling.

Petitioner does not dispute that he filed his PCR notice more than three years after his sentencing. Doc. 11 at 2. He claims in his objection to the R&R that the notice was not timely filed because his counsel advised him to not pursue any form of post-conviction relief. *Id.* at 1. This ineffective assistance of counsel, Petitioner contends, constitutes

---

[1] Respondents and Judge Fine disagree on whether Arizona Rule of Criminal Procedure 1.3(a) applies in this case, which might have provided an additional five days for Petitioner to file a timely PCR notice. *See* Docs. 12 at 7, 13 at 2-4. But the applicability of Rule 1.3 is not dispositive because Petitioner filed his PCR notice more than three years after his sentencing. *See* Docs. 9-2 at 2-8, 14-16.

extraordinary circumstances. *Id.* at 2. In his reply brief, however, Plaintiff asserts that he believed his attorney had filed a PCR notice for him and this is why he did not timely file any PCR paperwork. Doc. 11 at 3. Regardless of whether Petitioner was advised to not pursue post-conviction relief or erroneously believed his attorney had filed a timely PCR notice, he has not established a right to equitable tolling.

As noted, a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005). Judge Fine found that Petitioner has not carried his equitable tolling burden because he presents no evidence that he relied on his attorney, and his three and a half year delay in filing his PCR notice is neither excusable nor reasonable. Doc. 12 at 10. Judge Fine further found that Petitioner's pro se prisoner status and lack of legal sophistication do not constitute extraordinary circumstances justifying equitable tolling. *Id.* at 9-10 (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006)).

This Circuit has made clear that "equitable tolling is 'unavailable in most cases,' and is appropriate only 'if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted; emphasis in original). Indeed, "the threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule." *Id.* The Court agrees with Judge Fine that Petitioner has failed to meet this very high threshold and therefore is not entitled to equitable tolling. *See* Doc. 12 at 10-11.[2]

## 2. Certificate of Appealability.

Judge Fine concluded that a certificate of appealability should be denied because the petition clearly is time barred, and this ruling is not fairly debatable among jurists of reason. Doc. 12 at 11-12. The Court agrees, and further finds that no issue raised by Petitioner is "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*,

---

[2] Petitioner does not challenge Judge Fine's conclusions that his PCR filings did not statutorily toll or otherwise restart the limitation period (*id.* at 8), and that the actual innocence exception does not apply (*id.* at 11). *See* Doc. 11 at 3.

529 U.S. 473, 484 (2000) (citation omitted); *see Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

Petitioner asserts that he was sent a form stating that "should [he] choose that the United States Magistrate continue his case and it was deemed dismissible, an automatic certificate of appealability would be issued by the Court." Doc. 14 at 2-3. But Petitioner does not provide a copy of the referenced form, nor does he claim to have agreed to the Magistrate Judge continuing his case. Pursuant to the rules of civil procedure, this case was referred to Judge Fine for proceedings necessary for an R&R on Petitioner's habeas petition. Doc. 2; *see* Fed. R. Civ. P. 72(b)(1); LRCiv 72.1(c), 72.2(a)(2). The Court, which has at all times retained jurisdiction over the case, has considered Petitioner's objections to Judge Fine's R&R and finds them to be without merit.

**IT IS ORDERED:**

1. Judge Fine's R&R (Doc. 12) is **accepted**.
2. The petition for writ of habeas corpus (Doc. 1) is **denied** with prejudice.
3. A certificate of appealability is **denied**.
4. The Clerk is directed to **terminate** this action.

Dated this 1st day of March, 2019.

David G. Campbell
Senior United States District Judge